IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ANTONIO JAHVON LUCKEY, | § | |
| --- | --- | --- |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1984-O |
| | § | (No. 3:15-cr-380-O (01)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Movant Antonio Jahvon Luckey, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. The government has filed a court-ordered response. *See* Dkt. No. 5. Luckey has failed to file a reply brief, and the time by which to do so has expired. The Court now concludes that his claims for relief should be denied.

**Applicable Background**

Luckey entered a plea of guilty to – and was adjudged guilty of – being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and § 924(a)(2) [Count 1]; possessing a controlled substance with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) [Count 2]; and possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) [Count 3], and the Court sentenced him to concurrent sentences of 57 months of imprisonment as to Counts 1 and 2 and a consecutive sentence of 120 months of imprisonment as to Count 3. He did not file a direct appeal. And this motion

– raising claims that his trial counsel was constitutionally ineffective and that his Section 924(c) conviction is no longer valid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) – is timely under 28 U.S.C. § 2255(f)(1).

**Legal Standards and Analysis**

I.   Ineffective Assistance of Counsel

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that

> counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice, Luckey "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not

standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

The totality of Luckey's IAC claims are: "I was misled by my counsel he never answered by phone calls or returned them I was basically lied to"; "I'm being charged twice for the same gun possessing in firing the gun"; "I feel like I was coerced into confession"; and "I was told plea or get a max of 15 years I plea in still get 15 years." Dkt. No. 2 at 7. These claims are merely conclusional and therefore meet neither prong of *Strickland*.

As the United States Court of Appeals for the Fifth Circuit has held in the context of IAC claims asserted by a *pro se* litigant, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Birby v. Stephens*, 595 F. App'x 350, 354 (5th Cir. 2014) (per curiam) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing, in turn, *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)))); *United States v. Henges*, 591 F. App'x 287, 287 (5th Cir. 2015) (per curiam) ("[C]onclusional assertions are 'insufficient to overcome the strong presumption of competency and the high burden of actual prejudice required to prove ineffective assistance of counsel.'" (quoting *Carter v.*

*Johnson*, 131 F.3d 452, 464 (5th Cir. 1997))).

The Court further notes that many of Luckey's assertions of IAC are belied by the record. For example – and fatal to his conclusional involuntary-guilty-plea claim – during his rearraignment, Luckey made these sworn representations: that he was fully satisfied with his legal representation and the advice that he received in connection with his case and his proposed guilty plea; that he understood and admits that he committed each of the essential elements of the charges in all three counts; and that no person tried to – whether by force, threats, pressure, coercion, or any other way – make him plead guilty. *See* No. 3:15-cr-380-O (01), Dkt. No. 67 at 8-9, 11, 11-12. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy." (collecting cases)); *see also Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

The Court therefore denies the IAC claims.

II.   Section 924(c) Conviction

Luckey also requests postconviction relief based on *Johnson*, and appears to argue that *Johnson* applies to his Section 924(c) conviction. *See* Dkt. No. 2 at 7-8.

In *Johnson*, the Supreme Court of the United States held "that imposing an

increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

The Supreme Court, in *Dimaya v. Sessions*, 584 U.S. ___, 138 S. Ct. 1204 (2018), recently extended *Johnson* to "a similarly worded clause in [18 U.S.C. § 16]'s definition of 'crime of violence'" – which the Supreme Court thus determined "suffers from the same constitutional defect," *id.* at 1210. Section 16(b), the residual clause of the definition and at issue in *Dimaya* – defining "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" – is identical to the definitional residual clause for "crime of violence" used in Section 924(c), *see* 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence" as a felony that either "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). That said, "[e]ven after *Dimaya*, § 924(c)(3)(B) might not be unconstitutionally vague" in this circuit. *United States v. Meza*, Nos. CR 11-133-BLG-

DLC & CV 16-095-BLG-DLC, 2018 WL 2048899, at *3 (D. Mont. May 2, 2018). But, if it is, "because [Luckey] pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime – not use and carry of a firearm during a crime of violence – the definition of crime of violence found at 18 U.S.C. § 924(c)(3) was not at issue," *Iruegas v. United States*, No. 3:16-cv-2219-L-BN, 2017 WL 3616459, at *2 (N.D. Tex. May 23, 2017) (quoting *Reed v. United States*, Nos. 3:16-cv-1814-K & 3:09-cr-52-K (01), 2017 WL 131715, at *1 (N.D. Tex. Jan. 12, 2017)), rec. accepted, 2017 WL 3601793 (N.D. Tex. Aug. 22, 2017).[1]

Therefore, the right recognized in *Johnson* – and possibly extended by *Dimaya* – does not apply here, and the Court rejects Luckey's collateral attack of his Section 924(c) conviction.

**Evidentiary Hearing**

An evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner

---

[1] *See also United States v. Pitt*, 672 F. App'x 885, 886 (10th Cir. 2017) (order denying C.O.A.) ("Mr. Pitt's sentence enhancement was based on a 'drug trafficking crime,' not a 'crime of violence,' so *Johnson* does not apply." (citation omitted)); *Buford v. United States*, No. 2:16-CV-8093-KOB, 2016 WL 7156065, at *2 (N.D. Ala. Dec. 8, 2016) ("Even if *Johnson* were to arguably impact the definition of a 'crime of violence' under § 924(c)(1)(A), that impact would have no bearing on Mr. Buford's case because his conviction did not in any way involve a crime of violence." (citation omitted)); *United States v. Deane*, No. 3:10-cr-00033-2, 2017 WL 1957535, at *2 (W.D. Va. May 10, 2017) ("[O]nly the 'drug trafficking crime' component of § 924(c)(1)(A) affected his sentence. The other type of crime referenced in the statute, 'crime of violence,' played no role in his conviction and sentence. *Johnson* has never called into question convictions for serious drug offenses. Instead, *Johnson* invalidated a part of the ACCA's definition of a 'violent felony,' which employed language similar to that used to define a 'crime of violence.'" (footnote omitted)).

is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Luckey is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Luckey has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Luckey elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

## Conclusion

The Court denies the Section 2255 motion.

SO ORDERED.

DATED: May 4, 2018.

Reed O'Connor
UNITED STATES DISTRICT JUDGE